**UNITED STATES DISTRICT COURT**
**FOR THE DISTRCT OF RHODE ISLAND**

**GILBERT LANTINI**

    **VS**

**OCWEN LOAN SERVICING, LLC**

**COMPLAINT FOR VIOLATION OF THE BANKRUPTCY INJUNCTION AND FOR VIOLATION OF THE TELECOMMUNICATIONS CONSUMER PROTECTION ACT**

NOW COME Plaintiff, Gilbert Lantini ("Lantini")("Plaintiff"), by and through counsel, and complains against Defendant Ocwen Loan Servicing, LLC ("Defendant") and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of North Smithfield, Rhode Island.

2. Plaintiff is a consumer as defined by the Telephone Consumer Protection Act ("TCPA").

3. Plaintiff had a mortgage on his former residence located at 2075 Plainfield Pike, Johnston, Rhode Island 02919. The alleged debt arose out of a transaction that was primarily for personal, family, or household purposes.

4. Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a foreign Limited Liability Company located in West Palm Beach Florida. It is a debt collector because its business is primarily concerned with the collection of debts owned by

another. Defendant attempted to collect upon a debt allegedly owed to US Bank as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2005-5 ("US Bank").

5. U.S. Bank claims to be the owner of Plaintiff's mortgage and note.

6. Ocwen Loan Servicing, LLC has been the servicer of the Plaintiff's mortgage loan at all times since 2014.

7. Ocwen Loan Servicing, LLC was the agent for U.S. Bank at all times since 2014.

8. This Court has jurisdiction and venue because some or all of Plaintiff's claims for relief arose in the State of Rhode Island.

8. Plaintiff filed a Petition for relief in the United States Bankruptcy Court in case number 1:14-bk-11757 in the United States Bankruptcy Court for the District of Rhode Island on July 31, 2014.

9. Plaintiff received a Discharge in Bankruptcy of all his debts on October 28, 2014 in the Rhode Island Bankruptcy Court.

10. Plaintiff, at the time of the Bankruptcy Petition, owned property located at 2075 Plainfield Pike, Johnston, Rhode Island.

11. This property was the former residence of the Plaintiff.

12. In his bankruptcy petition, Plaintiff filed a Notice of Intention on

August 15, 2014 in which he stated that his intention in regard to this property was to surrender the property.

13. Ocwen was represented by a law firm, Korde & Associates, PC in this Bankruptcy case.

14. Ocwen, as a result, had actual knowledge of the Plaintiff's discharge and Notice of Intention to surrender the property and that the Plaintiff was no longer living in the premises.

15. Ocwen claims to be the loan servicer for the alleged mortgagee for the Johnston property, which Ocwen has identified as U.S. Bank National Association as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, ("US Bank").

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 AGAINST OCWEN LOAN SERVICING

15. Paragraphs 1-14 are incorporated by reference.

16. On October 24, 2014, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

17. On January 14, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to

Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

18. On February 2, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

19. On March 9, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

20. On March 27, 2015, Defendant used an automatic telephone dialing system and the phone number (800) 746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

21. On March 27, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

22. On April 2, 2015 , Defendant used an automatic telephone dialing system and the phone number (800) 746-2936 to make a debt collection call to

Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

23. On May 6, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

24. On May 7, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

25. On May 15, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

26. On May 22, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

27. On May 29, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to

Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

28. On June 4, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

29. On June 12, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

30. On June 19,2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

31. On June 20, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

32. On June 27, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to

Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

33. On June 28, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

34. On June 29, 2015, Defendant used an automatic telephone dialing system and the phone number (800)746-2936 to make a debt collection call to Lantini's cellular phone for a non-emergency purpose and without Lantini's express prior consent.

35. Each of these calls was made by Ocwen in order to demand or coerce payment for the mortgage loan on behalf of U.S. Bank.

36. The phone number (800)746-2936 is now and at all times since January 1, 2014 has been the phone number of Ocwen Loan Servicing, LLC.

37. In each of the calls made to the Plaintiff, Defendant used an artificial or prerecorded voice to leave a debt collection communication on the voicemail of Plaintiff's cellular phone or actually spoke with the Plaintiff.

38. In each of the calls made to the Plaintiff, Defendant used artificial or prerecorded voices in leaving a debt collection communication on the voicemail of Plaintiffs' cellular phones or actually spoke with the Plaintiff.

39. Plaintiff did not give Defendant consent to call Plaintiff's cell phone for any purpose.

40. In each of the calls when Defendant contacted Plaintiff, the Defendant did not own Lantini's account so Defendant was not attempting to collect its own debt. In each of these calls, Ocwen demanded that the Plaintiff make payments on the mortgage loan account it claimed was due to US Bank.

41. The frequent phone calls and actions by Defendant have caused Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety.

42. Each of the calls by the Defendant to the Plaintiff disturbed the Plaintiff in his business or at his home or while traveling.

43. Due to these calls, the Plaintiff was diverted from his business activity and was harassed and bothered by receiving the calls and having to communicate with the caller or answer the call.

44. These calls resulted in harassment, which caused him to be distracted from his business and his personal family matters. Instead of spending time on work or family pursuits, he received this series of harassing calls after he had been discharged of the mortgage obligation.

45. The actions by Defendant are believed to be a pattern and practice in conscious disregard for the rights of Plaintiff.

46. Defendant willfully or knowingly made more than one call by an automated dialing system to Plaintiff's cell phone knowing that it was without consent.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls to Plaintiff's cellular phone and Plaintiff is entitled to an award of $500.00 statutory damages for each and every violation.

48. If the Court finds that Defendant willfully or knowingly violated the TCPA, then the Plaintiff may be awarded treble damages per violation.

49. Plaintiff was seriously damaged and is entitled to damages costs and attorney fees. He was disturbed by these calls while at home and at work. He filed a Chapter 7 bankruptcy and indicated that he was abandoning the property which he no longer lived at, yet was harassed by the volume of calls to his cell phone. This caused him to be disturbed and distracted at work and at home.

50. Plaintiff has incurred actual damages for the costs incurred in recharging his cell phone battery due to the calls which he received from Ocwen on his cellular phone, for the charges to his cell phone account for usage of the cell phone.

51. Plaintiff has incurred damages due to loss of income and business opportunities to being disturbed in this self-employed business due to the phone calls made to him while he was working.

52. Plaintiff has incurred emotional damages due to the stress these repeated calls made to him in his personal life which caused him to be irritable with his wife and family when these repeated calls disturbed him at home or during family events and activities.

53. Plaintiff has incurred legal fees for the prosecution of this action.

WHEREFORE Plaintiff demands Judgment against Ocwen Loan Servicing, LLC for Actual Damages, Statutory damages under the Telephone Consumer Protection act and treble damages if there is a finding that the Defendant willfully or knowingly violated the Telephone Consumer Protection Act, Attorney Fees, costs and all other just and proper relief.

GILBERT LANTINI

By his attorney

December 13, 2018

s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@Gmail.com

Plaintiff demands a trial by Jury

## COUNT II

### CONTEMPT AND VIOLATION OF THE BANKUPTCY DISCHARGE INJUNCTION AGAINST OCWEN LOAN SERVICING, LLC

54. Paragraphs 1-53 are incorporated by reference.

55. This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a debt discharged by the debtors' bankruptcy. Defendant, Ocwen's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524.

56. This action is also filed to enforce the Order of Discharge duly entered by the United States Bankruptcy Court for the District of Rhode Island in case in case number 1:14-bk-11757 in the United States Bankruptcy Court for the District of Rhode Island on July 31, 2014 and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

### Jurisdiction

57. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to a Chapter 7 case under Title 11 and concerns property of the

Debtor in that case.

58. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

59. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

60. On various dates commencing on October 24, 2014 and ending on August 15, 2015, employees of Ocwen, acting on behalf of U.S. Bank made phone calls to Plaintiff's cell phone or to his place of business in an attempt to collect a debt regarding the 2075 Plainfield Street Johnston Rhode Island mortgage, despite the fact that Plaintiff had been discharged in bankruptcy.

61. The Plaintiff's place of business had a telephone system which transmitted the calls to Plaintiff's cellular phone number.

57. Ocwen on behalf of US Bank made 154 calls to Plaintiff in order to collect the mortgage debt on the following dates:

> October 24, 2014
> December 9, 2014 for three calls
> December 10, 2014 for two calls
> December 11, 2014 for two calls
> December 12, 2014 for two calls
> December 13, 2014 for three calls
> December 14, 2014 for two calls
> December 23, 2014 for two calls
> December 24, 2014
> December 26, 2014 for two calls

December 27, 2014 for two calls
December 28, 2014
December 29, 2014 for three calls
December 30, 2014 for two calls
December 31, 2014 for two calls
January 2, 2015 for three calls
January 3, 2015 for two calls
January 4, 2015 for two calls
January 5, 2015
January 13, 2015 for two calls
January 19, 2015
January 21, 2015 for three calls
January 22, 2015 for two calls
January 23, 2015
January 26, 2015 for two calls
February 3, 2015
February 4, 2015
February 6, 2015
February 9, 2015 for two calls
February 10, 2015
February 11, 2015
February 16, 2015
February 17, 2015
February 20, 2015 for two calls
February 23, 2015
February 26, 2015
March 2, 2015
March 3, 2015 for two calls
March 4, 2015
March 6, 2015
March 9, 2015
March 10, 2015
March 12, 2015
March 13, 2015
March 16, 2015
March 17, 2015
March 18, 2015
March 19, 2015
March 20, 2015
March 24, 2015 for two calls

March 25, 2015
March 26, 2015
March 27, 2015 for two calls
April 3, 2015
April 6, 2015
April 7, 2015
April 10, 2015
April 15, 2015
April 16, 2015 for three calls
April 17, 2015 for two calls
April 22, 2015
April 24, 2015 for two calls
April 25, 2015 for two calls
April 26, 2015
April 27, 2015
April 28, 2015
April 29, 2015
April 30, 2015
May 1, 2015
May 3, 2015
May 4, 2015
May 5, 2015
May 7, 2015
May 14, 2015
May 15, 2015
May 18, 2015
May 20, 2015
May 22, 2015
May 26, 2015
May 28, 2015
May 29, 2015
June 1, 2015
June 10, 2015
June 16, 2015
June 19, 2015 for two calls
June 25, 2015
June 26, 2015
June 27, 2015
June 28, 2015
June 29, 2015 for three calls

      July 1, 2015
      July 2, 2015
      July 6, 2015
      July 7, 2015 for three calls
      July 8, 2015 for three calls
      July 9, 2015 for two calls
      July 10, 2015 for three calls
      July 11, 2015 for three calls
      July 12, 2015
      July 13, 2015 for two calls
      July 14, 2015 for two calls
      July 15, 2015 for two calls
      July 16, 2015 for two calls
      July 17, 2015
      July 18, 2015
      July 19, 2015
      July 21, 2015 for two calls
      July 22, 2015 for three calls
      July 23, 2015 for three calls
      July 24, 2015 for two calls
      July 25, 2015 for two calls
      August 1, 2015
      August 2, 2015
      August 3, 2015
      August 22, 2015
      August 23, 2015
      August 24, 2015
      August 26, 2015

      58.    When Plaintiff received the first of these calls, he advised Defendant's agents and employees that that these calls should not be made due to the fact that he had been discharged in bankruptcy.

      59.    When he advised the Ocwen employee that he had been discharged in bankruptcy, he was advised that by the caller that it did not matter and he owed the money and had to make payments.

60. As alleged above, Defendant was aware that the Plaintiff was discharged in bankruptcy and had notified them of his intent to surrender the property. Defendant received direct written knowledge from the U.S. Bankruptcy Court of the fact that this debt was discharged. Despite this direct knowledge Defendant continued to try to collect on this debt, by repeatedly calling the Plaintiff over and over at home, to his cell phone and to his place of business.

61. Despite this knowledge, Defendant continued to harass the Plaintiff and call him on these multiple occasions.

62. The conduct of Defendants was malicious, willful, wanton and reckless, warranting the imposition of punitive damages.

63. The actions by Defendant have caused Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety.

64. Each of the calls by the Defendant to the Plaintiff disturbed the Plaintiff in his business.

64. Due to these calls, the Plaintiff was diverted from his business activity and was harassed and bothered by receiving the calls and having to communicate with the caller or answer the call.

65. Plaintiff's employees who answered the telephone calls were diverted from their usual work leading to work not being done at the Plaintiff's place of business in the normal manner.

66. These calls resulted in harassment, which caused him to be distracted from his business and his personal family matters. Instead of spending time on work or family pursuits, he received this series of harassing calls after he had been discharged of the mortgage obligation.

66. Plaintiff was seriously damaged and is entitled to damages costs and attorney fees. He was disturbed by these calls while at home and at work. He filed a Chapter 7 bankruptcy and indicated that he was abandoning the property which he no longer lived at, yet was harassed by the volume of calls to his cell phone. This caused him to be disturbed and distracted at work and at home.

67. Plaintiff has incurred actual damages for the costs incurred in recharging his cell phone battery due to the calls which he received from Ocwen on his cellular phone, for the charges to his cell phone account for usage of the cell phone.

68. Plaintiff has incurred damages due to loss of income and business opportunities to being disturbed in this self employed business due to the phone calls made to him while he was working.

69. Plaintiff has incurred emotional damages due to the stress these repeated calls made to him in his personal life which caused him to be irritable with his wife and family when these repeated calls disturbed him at home or during family events and activities.

70. Plaintiff has incurred legal fees for the prosecution of this action.

WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

A. That this Court Adjudge the Defendant to be in willful contempt for violation of the Discharge Injunction.

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

C. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the Plaintiff has such other and further relief as the Court may deem just and proper.

December 13, 2018

GILBERT LANTINI

By his attorney

s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@Gmail.com