# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GILBERT LANTINI,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | C.A. No. 1:18-cv-00674-WES-LDA |

## DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Defendant") responds to each and every allegation of Plaintiff Gilbert Lantini's complaint (the "Complaint") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and denies them on that basis.

2. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint and denies them on that basis.

3. Defendant admits that Plaintiff granted a mortgage on the property located at 2075 Plainfield Pike, Johnston, Rhode Island 02919. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint and denies those allegations on that basis.

4. Defendant admits it is a limited liability company with its principal place of business located in West Palm Bach, Florida. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. US Bank, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2005-5, is the current holder of Plaintiff's mortgage and owner of the note.

6. Defendant is without sufficient information to answer Plaintiff's allegation because servicer is not defined or described and therefore denies on that basis.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, denied.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendant accepts the Plaintiff's allegations regarding the Court's personal jurisdiction and venue.

8. The Petition for Relief Plaintiff filed in the United States Bankruptcy Court speaks for itself. To the extent Paragraph 8 contains Plaintiff's characterization of that petition, those allegations are denied.[1]

9. The Bankruptcy Court's October 28, 2014 discharge speaks for itself. To the extent Paragraph 8 contains Plaintiff's characterization of the discharge or any statements therein, those allegations are denied.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and denies them on that basis.

12. The docket for Plaintiff's bankruptcy petition speaks for itself. Further answering, Defendant denies that docket from Plaintiff's bankruptcy proceeding reflects that Plaintiff filed a "Notice of Intention" on August 15, 2014.

13. Denied.

14. Denied.

15. Defendant admits servicing the subject mortgage loan for US Bank but denies all other allegations.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 AGAINST OCWEN LOAN SERVICING

16. Defendant incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

---

[1] Plaintiff's Complaint included two paragraphs labeled as 8. To avoid any confusion, Defendant responded to the paragraphs as numbered in the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Ocwen Loan Servicing, LLC's customer care number is 1-800-746-2936. The allegation is otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant admits the TCPA allows for treble damages but denies it violated the TCPA, denies all liability, and denies Plaintiff is entitled to any damages whatsoever.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Complaint and denies them on that basis.

## COUNT II
## CONTEMPT AND VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION AGAINST OCWEN LOAN SERVICING LLC

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint.

55. Paragraph 55 of the Complaint includes allegations that are prefatory in nature and describe the contents of the Complaint to which no response is required. To the extent a response is required, denied.

56. Paragraph 56 of the Complaint includes allegations that are prefatory in nature and describe the contents of the Complaint to which no response is required. To the extent a response is required, denied.

## JURISDICTION

57. Paragraph 57 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

58. Paragraph 58 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

59. Paragraph 59 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Defendant accepts venue in this district.

60. Denied.

61. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Complaint and denies them on that basis.

57. Defendant denies any wrongdoing in connection with any call placed to the Plaintiff.[2]

58. Defendant denies any wrongdoing in connection with any call placed to the Plaintiff.

59. Defendant denies any wrongdoing in connection any call placed to the Plaintiff.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

64. Denied.[3]

---

[2] The paragraph numbers in Plaintiff's Complaint went from 61 to 57. To avoid any confusion, Defendant responded to the paragraphs as numbered in the Complaint.

[3] Plaintiff's Complaint included two paragraphs labeled as 64. To avoid any confusion, Defendant responded to the paragraphs as numbered in the Complaint.

65. Denied.

66. Denied.

66. Denied.[4]

67. Denied.

68. Denied.

69. Denied.

70. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 of the Complaint and denies them on that basis.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to receiving any alleged calls and/or Defendant had a good-faith basis to believe that Plaintiff consented to such.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he lacks standing.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations for the causes of action asserted in the Complaint.

### Sixth Affirmative Defense

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the Bankruptcy Code. Any purported violation of the Code, which Defendant denies occurred, was unintentional and occurred despite procedures reasonably adapted and maintained to avoid such violation.

---

[4] Plaintiff's Complaint included two paragraphs labeled as 66. To avoid any confusion, Defendant responded to the paragraphs as numbered in the Complaint.

### Seventh Affirmative Defense

This Court lacks subject matter jurisdiction over Plaintiff's claim and cause of action for bankruptcy discharge violation.

### Reservation of Rights

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigation concerning this case.

WHEREFORE, Defendant requests judgment in its favor on each and every cause of action asserted in the Complaint, an award of costs of suit, including attorneys' fees, and any such other and further relief the Court deems just and appropriate.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC,

By Its Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com

Dated:   February 15, 2019

### CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on February 15, 2019.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

303248244v1 3308